UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GABRIEL BROS, INC.,

                             Plaintiff,

             -v-

EFFY JEWELERS CORP.,

                             Defendant.

18-CV-7289 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

On August 13, 2018, Plaintiff Gabriel Bros, Inc. ("Gabriel Bros") filed a complaint asserting a single claim against Defendant Effy Jewelers Corp. ("Effy") under the Copyright Act, 17 U.S.C. § 101 *et seq.* (Dkt. No. 1.) After discovery had begun, Gabriel Bros filed a motion for leave to amend its complaint to name two additional defendants, Macy's, Inc. ("Macy's") and Belk, Inc. ("Belk"). (Dkt. No. 18.) For the following reasons, the motion is granted.

## I.    Background

Gabriel Bros and Effy are jewelry designers. (Dkt. No. 1 ("Compl.") ¶¶ 9, 15.) Gabriel Bros maintains that Effy—both directly and through third-party retailers such as Macy's—has been selling a ring that is "substantially similar, if not identical," to one that Gabriel Bros designed. (Compl. ¶¶ 12, 15–16; *see also* Dkt. No. 19 at 2.) Consequently, Gabriel Bros filed this lawsuit against Effy, alleging in the presently operative August 13, 2018 complaint that Effy's marketing and sale of the ring constitute actionable copyright infringement. (Compl. ¶¶ 21–30.) After Effy filed an answer denying the bulk of the complaint's allegations (Dkt. No. 12), this Court scheduled an October 22, 2018 initial pretrial conference (*see* Dkt. No. 13).

Prior to the conference, Gabriel Bros' counsel notified Effy's counsel that Gabriel Bros might amend its complaint to add Macy's as a defendant and requested a list of Effy's customers so that Gabriel Bros could "add everyone [else] that [it] deem[ed] worthy of suing." (Dkt. No.

21-3; *see also* Dkt. No. 21-1 at 2 n.1.)  A few days later, Gabriel Bros' counsel again requested "the customer list ASAP so that [Gabriel Bros could] amend" its complaint (Dkt. No. 21-4) and also proposed a draft Case Management Plan under which Effy would supply Gabriel Bros with, among other things, "a list of customers to whom [the ring at issue] has been sold" (Dkt. No. 21-5 at 2).  Effy's counsel asked that the proposed plan be amended to indicate that Effy's disclosures would be subject to "provisions, such as a protective order, to maintain the proprietary nature and confidentiality of the information."  (Dkt. No. 21-6 (formatting omitted).)  Gabriel Bros' counsel added the requested language (Dkt. Nos. 21-7, 21-9 at 2), and this Court approved the plan, in its amended form, after the October 22, 2018 conference (Dkt. No. 15).

Once discovery was underway, counsel for both parties held an "attorney's eyes only" telephone conversation for purposes of discussing settlement.  (Dkt. No. 21-1 ¶ 17.)  During that call, Effy's counsel divulged that Belk was among Effy's customers (Dkt. No. 21-1 ¶¶ 2, 23), which led Gabriel Bros to learn for the first time that Belk, like Macy's, had been selling the allegedly infringing ring (Dkt. No. 28 ¶ 10).

Soon thereafter, Gabriel Bros moved to file an amended complaint that would add both Macy's and Belk as defendants on the basis of their allegedly infringing sales.  (Dkt. No. 18; *see also* Dkt. No. 19-2.)  Effy does not oppose the addition of Macy's as a defendant (*see* Dkt. No. 21-1 ¶ 5 n.1), but it does oppose the addition of Belk on the ground that Gabriel Bros learned of Belk's sales only as a result of disclosures Effy made in settlement talks (Dkt. No. 21 at 3).

## II.    Legal Standard

Federal Rule of Civil Procedure 15 directs courts to "freely give leave" for a party to file an amended pleading "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  In ruling on a motion to amend, "the Court should consider whether the motion is being made after an inordinate delay without adequate explanation, whether prejudice to the defendants would result, whether

granting the motion would cause further delay, and whether the amendment would be futile." *Vt. Country Foods, Inc. v. So-Pak-Co., Inc.*, 170 F. App'x 756, 759 (2d Cir. 2006) (summary order) (quoting *Mountain Cable Co. v. Pub. Serv. Bd.*, 242 F. Supp. 2d 400, 403 (D. Vt. 2003)).

## III. Discussion

Effy never argues that Gabriel Bros' motion to amend was unreasonably dilatory or that the proposed amendments would be futile. Nor does Effy argue that allowing the amendments would create undue delay. Rather, Effy's sole basis for opposing the addition of Belk as a defendant here is that it was only during the course of confidential settlement talks that Gabriel Bros learned that Belk is one of Effy's customers. (Dkt. No. 21 at 3.)

To the extent that Effy's argument is meant to suggest that amendment would prejudice Effy, the argument fails. While the "disclosure of [confidential] customer [identities] could potentially result in economic harm to the disclosing party" in some cases, *Asch/Grossbardt Inc. v. Asher Jewelry Co.*, No. 02 Civ. 5914, 2003 WL 660833, at *2 (S.D.N.Y. Feb. 28, 2003), Gabriel Bros has made an unrebutted showing here that the relationship between Belk and Effy "is publicly available information" (Dkt. No. 28 ¶ 10; *see also* Dkt. Nos. 28-1, 28-2). Indeed, Effy itself has conceded that "Belk openly sold [Effy's] accused rings in the market" (Dkt. No. 24 at 1), and has thereby effectively disavowed any claim that Belk's status as its customer is confidential information that might be compromised by Belk's participation in the instant suit.

Of course, Effy's argument might be read to suggest that it would simply be inequitable to allow amendment. (*See* Dkt. No. 21 at 10.) Even if Gabriel Bros could have added Belk to this suit had Gabriel Bros' own independent research revealed Belk's involvement in the alleged infringement, the argument might run, Gabriel Bros should be precluded from doing the same where it in fact learned of Belk's involvement only through Effy's own protected disclosures. (*See, e.g.*, Dkt. No. 21-1 ¶¶ 24–25.) Courts in this Circuit, however, have rejected the argument

that publicly available or otherwise discoverable evidence exchanged during settlement negotiations is inadmissible at trial. *See, e.g.*, *Int'l Bus. Machs. Corp. v. BGC Partners, Inc.*, No. 10 Civ. 128, 2013 WL 1775367, at *6 n.6 (S.D.N.Y. Apr. 25, 2013). Effy offers no persuasive reason why a different rule should apply in the context of a motion to amend. *See Hallmark v. Cohen & Slamowitz, LLP*, 283 F.R.D. 136, 139–40 (W.D.N.Y. 2012) (report and recommendation) (granting leave to amend a complaint to add allegations based on "pre-existing fact[s] or information" that plaintiff learned during settlement talks). Nor does Effy point to any other equitable considerations that justify denying leave to amend notwithstanding the "permissive standard" embodied in Rule 15. *Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011) (per curiam). Gabriel Bros has been forthright from the outset that it was entertaining the possibility of adding Effy's customers as defendants in this case. (*See* Dkt. Nos. 21-3, 21-4.) It should come as no surprise to Effy that Gabriel Bros is now using the information Effy disclosed about its customers to do exactly what Gabriel Bros said it would do with that information.

Mindful, then, of "the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits," *Krupski v. Costa Crociere S. p A.*, 560 U.S. 538, 550 (2010), the Court concludes that Gabriel Bros is entitled to amend its complaint to add Macy's and Belk as defendants in this action.

**IV.      Conclusion**

For the foregoing reasons, Gabriel Bros' motion for leave to amend is GRANTED.

Gabriel Bros shall file its amended complaint on or before April 22, 2019.

The Clerk of Court is directed to close the motion at Docket Number 18.

SO ORDERED.

Dated:  April 8, 2019
       New York, New York

_____
          J. PAUL OETKEN
      United States District Judge