UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
GABRIEL BROS., INC.

          Plaintiff,

                    Case No.: 18-cv-07289 JPO

    -against-

EFFY JEWELERS CORP., MACY'S RETAIL
HOLDINGS, INC., BELK, INC.

          Defendants.
-----------------------------------------------------------------X


## JOINT MOTION TO STAY


  Plaintiff, Gabriel Bros., Inc. ("Gabriel") and Defendants, Effy Jewelers Corp. ("Effy"), Macy's Retail Holdings, Inc. ("Macy's"), and Belk, Inc. ("Belk") respectfully move this Court for an administrative order staying this action (18-cv-07289 JPO) pending settlement between the parties. The parties are in settlement discussions and hope to resolve this dispute amicably. In the event that the parties cannot reach a settlement, the parties have agreed to dismiss the present action and proceed with a binding arbitration proceeding, with terms that the parties are also negotiating concurrently with their settlement discussions.

Currently, fact discovery is set to close on February 28, 2020. The parties seek to stay the proceeding until March 15, 2020 pending a settlement.

The document discovery has been completed but depositions requiring travel by Plaintiff and Defendants' counsel are still pending. The parties seek to stay the proceeding pending their settlement discussions. As part of their settlement discussions, Plaintiff is currently reviewing financial evidence provided by the Defendants and Defendants are awaiting corroborating evidence from China that the copyright was assigned to the Plaintiff at the time the original author created the work. The parties have agreed to the format of the corroborating evidence and are only waiting for its execution by the pertinent Chinese witness who has firsthand knowledge of the facts.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its own docket with economy of time and effort for itself, for counsel, and for litigants." *LaSala v. Needham & Co., Inc.,* 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005) (quoting *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936)). A stay is appropriate here not only to conserve the parties' and the Court's time and resources, but also in order to further settlement. *See, e.g.,* 13B Charles A. Wright, et al., *Federal Practice & Procedure* 3533.2 (2009) ("A court may stay proceedings if the parties are working toward settlement, or if the parties have agreed but the settlement requires approval by someone else"); *In re Parmalat Sec. Litig.,* No. 04-md-1653 (S.D.N.Y. Nov. 22, 2006) (staying discovery in light of Deloitte's settlement negotiations with Dr. Bondi).

For the foregoing reasons, the parties respectfully request that this Court enter a stay of proceedings in the present action pending the consummation of a settlement or a dismissal in favor of a binding arbitration.

Dated: February 10, 2020

New York, New York

/John Margiotta/
John Margiotta, Esq.
*Attorney for Plaintiff*
Fross Zelnick Lehrman & Zissu, P.C
4 Times Square, 17th Floor
New York, NY 10036

/Joseph Sofer/
Joseph Sofer, Esq.
*Attorney for Defendants*
Sofer & Haroun, LLP
215 Lexington Ave, Suite 1301
New York, NY 10016
(212) 697-2800

CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of February, 2020, I caused a true and correct copy of the foregoing Joint Motion to Stay to be served by the Court's CM/ECF system and email upon all parties.

/Adina Brand/

Granted. This action is stayed until March 15, 2020. So ordered.
   February 12, 2020

J. PAUL OETKEN
United States District Judge